UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRIAN MALLGREN,<br><br>　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES,<br><br>　　　　　Defendant. | Civil Action No. 25-2912 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* petition, ECF No. 1, construed as a civil complaint. The Court grants the application and dismisses the complaint without prejudice.

The Court holds a *pro se* complaint to a "less stringent standard[]" than is applied to a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court dismisses the complaint because it does not meet the Rule 8 standard. Even if the United States Department of State denied him a passport, *see* Pet. ¶ 1, and even if the United States Department of Defense failed to justify its large budget, *see id*. ¶ 2, or failed to provide information regarding "who uses [its] implements," *id*. ¶ 3, the relief the plaintiff demands is incomprehensible and bears no relation, it seems, to the complaint's meager factual allegations. There is no basis from which to conclude that the plaintiff is entitled to, or that this Court may award, "internal people equalization through reallocating superfluous, unneeded, and irrational defense funds," *id*. ¶ 4, or "[a]llow others outside the Republic Demonstration their freedom in performing Republic Demonstration as well," *id*. ¶ 5.

A separate order accompanies this Memorandum Opinion.

DATE: October 28, 2025

/s/
DABNEY L. FRIEDRICH
United States District Judge